

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F. Street N.E. SPIII
Washington, D.C. 20549-5949

DIVISION OF
ENFORCEMENT

Robert I. Dodge
Assistant Chief Litigation Counsel

Telephone: (202) 551-4421
Email: DodgeR@sec.gov

August 28, 2015

Via Electronic Mail
Hon. Richard J. Sullivan
U.S. District Court for the
  Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **SEC v. Straub, No. 11-CV-9645-RJS**
      **Plaintiff's Response to Defendants' Pre-Motion Letter**

Dear Judge Sullivan:

Pursuant to the Court's August 11, 2015 Order and Rule 2.A of the Court's Individual Practices, plaintiff the U.S. Securities and Exchange Commission ("SEC") submits this response to the Defendants' August 21 pre-motion letter on summary judgment.

The parties agree that the operative facts relating to statute of limitations, use of interstate commerce, and personal jurisdiction are not in dispute. Where the parties diverge is on the legal significance of those facts. It is therefore appropriate for the Court to enter partial summary judgment on these issues (as well as on the SEC's Rule 13b2-1 and 13b2-2 claims) before trial. That judgment should be in favor of the SEC.

Statute of Limitations. Defendants cite a "discussion regarding the importance of time limits" in *Gabelli v. SEC*, 133 S.Ct. 1216 (2013), for the proposition that 28 U.S.C. § 2462 must be read to contain "an absolute five year rule without tolling." But *Gabelli* does not address the salient issue here, which is the application of the statute to defendants who are not "found within the United States" during the five year limitations period. *Gabelli* is therefore inapposite, and no amount of Supreme Court "discussion" can amend "the operative language in § 2462," which "requires, by its plain terms, that an offender must be physically present in the United States for the statute of limitations to run." *SEC v. Straub*, 921 F.Supp.2d 244, 260 (S.D.N.Y. 2013).

The defendants' next argument on Section 2462 is one that, while admirably creative, makes no sense. They contend that the limitations period should run as to any defendant who so much as sets foot in the United States at any time during the five-year period. In other words, if an individual commits a violation here and then immediately flees the country, doing so expressly to avoid service of process, the defendants would have the statute run against him even if he is only "within the United States" long enough to escape across the border.

Simply to articulate such a proposition is enough to refute it. "Upon this theory, it would be in the power of any man . . . to defeat the ends of justice by remaining within the jurisdiction a week, a day, or an hour perhaps, . . . and immunity could be perfected by flight." *Howgate v. United States*, 7 App. D.C. 217, 243 (D.C. Cir. 1895). Defendants' position finds no support in the text of the statute and could not be more repugnant to the underlying Congressional intent.

Further, even if the Court were to adopt the defendants' interpretation of Section 2462, the defense would still be unavailing as to the vast majority of the charged violations, which were not completed until after 2005, when Straub and Morvai visited the U.S. Nor would the limitations period apply to the SEC's claims for equitable relief.

<u>Interstate Commerce</u>. The defendants' theory on interstate commerce is equally divorced from legal authority. In essence, they contend that a charge under Exchange Act Section 30A will not lie unless each defendant *personally* transmitted an email that made its way to the United States. This is not the standard.

It is "fundamental that an accused need not carry out the mailing or use of an instrumentality of commerce. If he causes it to be carried out by setting forces in motion which foreseeably result in use of the mails, his action is sufficient." *United States v. MacKay*, 491 F.2d 616, 619 (10th Cir. 1973). *Accord United States v. Johnson*, 553 F.Supp.2d 582, 622 (E.D.Va. 2008) ("A securities fraud conviction does not depend upon the defendant's personal use of the instrumentality of interstate commerce."). So long as the use of interstate commerce is "incident to the carrying out of the scheme," *MacKay*, 491 F.2d at 620, the jurisdictional element is satisfied.

The jurisdictional element requiring use of interstate commerce is "broadly construed, so as to be satisfied by . . . even the most ancillary mailings." *SEC v. Softpoint*, 958 F.Supp. 846, 865 (S.D.N.Y. 1997) (*citing Franklin Savings Bank of N.Y. v. Levy*, 551 F.2d 521, 524 (2d Cir. 1977) ("The use of the mails need not be central to the fraudulent scheme and may be entirely incidental to it.")).

Each of the three defendants engaged in a corrupt scheme that foreseeably involved the use of internet communication, and, in particular, electronic mail. Incident to that scheme, a handful of messages were routed through the United States. Further, all three defendants signed management representation letters or sub-certifications that misrepresented, and thereby concealed, the defendants' illegal conduct. It was foreseeable that these letters and sub-certifications would lead to the filing, in the United

2

States, of an opinion letter by Magyar's auditor, along with Magyar's related SEC filings. Any of these actions are enough to satisfy Section 30A's jurisdictional element.

<u>Personal Jurisdiction</u>. The core of the defendants' argument on personal jurisdiction is one that the Court considered and rejected in connection with their Rule 12 motion. *SEC v. Straub*, 921 F.Supp.2d at 258-59. Defendants complain that taking discovery of witnesses located overseas was challenging (as it was for all parties), and that they will be "severely inconvenienced" if they must stand trial in New York. Tellingly, however, defendants offer no alternative jurisdiction where the SEC's charges could more conveniently be heard. It is no surprise that the defendants would prefer never to answer for their actions, but "because this case was brought under federal law, the judicial system has a strong federal interest in resolving this issue here." *Id.* at 259.

Many defendants have family obligations or health issues. When they come up, the SEC works with counsel to accommodate such challenges, as it will here. But difficulties such as child care and chronic medical conditions are not a basis to dismiss a lawsuit where the Court otherwise has personal jurisdiction.

Morvai makes the additional argument that the Court lacks jurisdiction as to him because he "did not sign any sub-certifications," but this statement is demonstrably false. During the relevant period, Morvai made several sub-certifications, which he submitted by email. These will be attached to the SEC's summary judgment motion.

\*   \*   \*

Finally, the SEC takes this opportunity to raise one housekeeping item. In its opposition to the defendants' motion to strike (Docket 208), the SEC cross-moved for leave to amend the Complaint. The defendants withdrew their opposition to the SEC's motion (Docket 207), but we have not yet received the Court's ruling.

Respectfully submitted,

*/s/ Robert I. Dodge*

Robert I. Dodge

cc:   counsel of record