UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELEK STRAUB,<br>ANDRÁS BALOGH, and<br>TAMÁS MORVAI,<br><br>Defendants. | No. 11-CV-9645 (RJS)<br><br>DECLARATION OF<br>ROBERT I. DODGE |

I, Robert I. Dodge, make the following declaration:

1. I am an Assistant Chief Litigation Counsel at the United States Securities and Exchange Commission ("SEC") and one of the attorneys of record in the above-captioned lawsuit. I make this declaration pursuant to 28 U.S.C. § 1746 and in support of the SEC's opposition to the defendants' motion for summary judgment. I am personally familiar with the facts set forth herein.

## Exhibits

2. Attached hereto as Exhibit 1 is a true and correct copy of a printout from the public web page of Day One Capital (www.dayonecapital.com) obtained on October 6, 2015.

3. Attached hereto as Exhibit 2 is a true and correct copy of a printout from the public LinkedIn profile of Elek Straub obtained on November 6, 2015.

4. Attached hereto as Exhibit 3 is a true and correct copy of the SEC's November 1, 2013 response to the First Set of Interrogatories by defendant Straub.

5. Attached hereto as Exhibit 4 is a true and correct copy of a May 30, 2005 email message from Attila Szendrei to defendants Balogh and Morvai attaching a press release by the Republic of Macedonia.

6. Attached hereto as Exhibit 5 is a true and correct copy of a June 16, 2005 email message from defendant Balogh to Michael Kefaloyannis with the subject line, "our conversation yesterday."

7. Attached hereto as Exhibit 6 is a true and correct copy of 28 U.S.C. § 2462 and its predecessor statutes:

- 28 U.S.C. § 2462 (1948 ed.)
- 28 U.S.C. § 791 (1940 ed.)
- Act of Feb. 28, 1839, ch. 36, § 4, 5 Stat. 322

## Hague Convention Requests

8. In March and April 2014, the parties in this action submitted requests for judicial assistance under the Hague Convention ("Hague Requests") to authorities in Germany, Greece, Hungary, and Macedonia. The requests were filed with the Court by defense counsel but were prepared by all parties.

9. The Hague Requests sought the testimony of 31 witnesses: six in Germany; three in Greece; fourteen in Hungary; and eight in Macedonia. Of these, 27 witnesses were originally sought by the defense, and four were originally sought by the SEC.

10. Ultimately, substantive Hague Convention testimony was obtained from eleven witnesses, including two in Germany and nine in Hungary. Ten of these witnesses (Baranyai, Danko, Galig, Gunther, Halasi, Hausmann, Micsko, Szluha, Vaczlavik, and Winkler) were originally sought by the defense, and one (Szendrei) was originally sought by the SEC.

11.     Of the twenty witnesses who did not testify, five invoked their right not to testify to avoid incriminating themselves; three were unavailable to testify because they were ill or no longer in the jurisdiction; and one was deceased. One witness originally sought by the defense (Mickovik) gave a deposition outside the Hague Convention process.

12.     Testimony was not obtained from four witnesses in Germany because the authorities there determined that the Hague Convention did not apply to an action brought by a government agency. Of the four witnesses in Germany, one (Hartmann) was sought by the SEC and three (Hauptmann, Hermann, and Plath) were sought by the defense.

13.     Testimony was not obtained from six witnesses in Macedonia because the Macedonian authorities never responded to the Hague Request, and none of the parties chose to initiate proceedings in the Macedonian courts to compel a response. Of the six witnesses in Macedonia, two (Firfov and Joveski) were originally sought by the SEC and four (Buzlevski, Crvenkovski, Davitovski, and Pejkovski) were originally sought by the defense.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 6, 2015.

_____
Robert I. Dodge