# Exhibit 6

"FINDINGS AND PURPOSE

"SEC. 2. (a) FINDINGS.—The Congress finds that—

"(1) the power of Federal agencies to impose civil monetary penalties for violations of Federal law and regulations plays an important role in deterring violations and furthering the policy goals embodied in such laws and regulations;

"(2) the impact of many civil monetary penalties has been and is diminished due to the effect of inflation;

"(3) by reducing the impact of civil monetary penalties, inflation has weakened the deterrent effect of such penalties; and

"(4) the Federal Government does not maintain comprehensive, detailed accounting of the efforts of Federal agencies to assess and collect civil monetary penalties.

"(b) PURPOSE.—The purpose of this Act is to establish a mechanism that shall—

"(1) allow for regular adjustment for inflation of civil monetary penalties;

"(2) maintain the deterrent effect of civil monetary penalties and promote compliance with the law; and

"(3) improve the collection by the Federal Government of civil monetary penalties.

"DEFINITIONS

"SEC. 3. For purposes of this Act, the term—

"(1) 'agency' means an Executive agency as defined under section 105 of title 5, United States Code, and includes the United States Postal Service;

"(2) 'civil monetary penalty' means any penalty, fine, or other sanction that—

"(A)(i) is for a specific monetary amount as provided by Federal law; or

"(ii) has a maximum amount provided for by Federal law; and

"(B) is assessed or enforced by an agency pursuant to Federal law; and

"(C) is assessed or enforced pursuant to an administrative proceeding or a civil action in the Federal courts; and

"(3) 'Consumer Price Index' means the Consumer Price Index for all-urban consumers published by the Department of Labor.

"CIVIL MONETARY PENALTY INFLATION ADJUSTMENT REPORTS

"SEC. 4. The head of each agency shall, not later than 180 days after the date of enactment of the Debt Collection Improvement Act of 1996 [Apr. 26, 1996], and at least once every 4 years thereafter—

"(1) by regulation adjust each civil monetary penalty provided by law within the jurisdiction of the Federal agency, except for any penalty (including any addition to tax and additional amount) under the Internal Revenue Code of 1986 [26 U.S.C. 1 et seq.], the Tariff Act of 1930 [19 U.S.C. 1202 et seq.], the Occupational Safety and Health Act of 1970 [29 U.S.C. 651 et seq.], or the Social Security Act [42 U.S.C. 301 et seq.], by the inflation adjustment described under section 5 of this Act; and

"(2) publish each such regulation in the Federal Register.

"COST-OF-LIVING ADJUSTMENTS OF CIVIL MONETARY PENALTIES

"SEC. 5. (a) ADJUSTMENT.—The inflation adjustment under section 4 shall be determined by increasing the maximum civil monetary penalty or the range of minimum and maximum civil monetary penalties, as applicable, for each civil monetary penalty by the cost-of-living adjustment. Any increase determined under this subsection shall be rounded to the nearest—

"(1) multiple of $10 in the case of penalties less than or equal to $100;

"(2) multiple of $100 in the case of penalties greater than $100 but less than or equal to $1,000;

"(3) multiple of $1,000 in the case of penalties greater than $1,000 but less than or equal to $10,000;

"(4) multiple of $5,000 in the case of penalties greater than $10,000 but less than or equal to $100,000;

"(5) multiple of $10,000 in the case of penalties greater than $100,000 but less than or equal to $200,000; and

"(6) multiple of $25,000 in the case of penalties greater than $200,000.

"(b) DEFINITION.—For purposes of subsection (a), the term 'cost-of-living adjustment' means the percentage (if any) for each civil monetary penalty by which—

"(1) the Consumer Price Index for the month of June of the calendar year preceding the adjustment, exceeds

"(2) the Consumer Price Index for the month of June of the calendar year in which the amount of such civil monetary penalty was last set or adjusted pursuant to law.

"SEC. 6. Any increase under this Act in a civil monetary penalty shall apply only to violations which occur after the date the increase takes effect."

[Pub. L. 104–134, title III, §31001(s)(2), Apr. 26, 1996, 110 Stat. 1321–373, provided that: "The first adjustment of a civil monetary penalty made pursuant to the amendment made by paragraph (1) [amending Pub. L. 101–410, set out above] may not exceed 10 percent of such penalty."]

[For authority of the Director of the Office of Management and Budget to consolidate reports required under the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub. L. 101–410, set out above, to be submitted between Jan. 1, 1995, and Sept. 30, 1997, or to adjust their frequency and due dates, see section 404 of Pub. L. 103–356, set out as a note under section 501 of Title 31, Money and Finance.]

## § 2462. Time for commencing proceedings

Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

(June 25, 1948, ch. 646, 62 Stat. 974.)

HISTORICAL AND REVISION NOTES

Based on title 28, U.S.C., 1940 ed., §791 (R.S. §1047). Changes were made in phraseology.

## § 2463. Property taken under revenue law not repleviable

All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.

(June 25, 1948, ch. 646, 62 Stat. 974.)

HISTORICAL AND REVISION NOTES

Based on title 28, U.S.C., 1940 ed., §747 (R.S. §934). Changes were made in phraseology.

## § 2464. Security; special bond

(a) Except in cases of seizures for forfeiture under any law of the United States, whenever a warrant of arrest or other process in rem is issued in any admiralty case, the United States marshal shall stay the execution of such proc-

Case 1:11-cv-09645-RJS Document 242-6 Filed 11/06/15 Page 3 of 6

### § 786. Judgment for duties: collected in coin.

In all suits by the United States for the recovery of duties upon imports, or of penalties for the nonpayment thereof, the judgment shall recite that it is rendered for duties, and such judgment, with interest thereon, and costs, shall be payable in the coin by law receivable for duties; and the execution issued thereon shall set forth that the recovery is for duties, and shall require the marshal to satisfy the same in the coin by law receivable for duties; and in case of levy upon and sale of the property of the judgment debtor, the marshal shall refuse payment from any purchaser at such sale in any other money than that specified in the execution. (R. S. § 962.)

DERIVATION
Act Mar. 3, 1865, ch. 80, § 12, 13 Stat. 494.

FEDERAL RULES OF CIVIL PROCEDURE
Execution, see Rule 69, following section 723c of this title.

CROSS REFERENCE
All coins and currencies of United States to be legal tender for payment of duties, see section 462 of Title 31, Money and Finance.

### § 787. Interest; in suits on bonds for recovery of duties.

Upon all bonds, on which suits are brought for the recovery of duties, interest shall be allowed, at the rate of 6 per centum a year, from the time when said bonds became due. (R. S. § 963.)

DERIVATION
Act Mar. 2, 1799, ch. 22, § 65, 1 Stat. 676.

### § 788. Same; in suits for balances due Post Office Department.

In all suits for balances due to the Post Office Department, interest thereon shall be recovered, from the time of the default, at the rate of 6 per centum per year. (R. S. § 964.)

DERIVATION
Act July 2, 1836, ch. 270, § 15, 5 Stat. 82.

### § 789. Same; in suits on debentures.

In suits upon debentures, issued by the collectors of the customs under any act for the collection of duties, interest shall be allowed, at the rate of 6 per centum per annum, from the time when such debenture became due and payable. (R. S. § 965.)

DERIVATION
Act Mar. 2, 1799, ch. 22, § 80, 1 Stat. 687, 689.

### § 790. Final record in equity and admiralty.

In equity and admiralty causes, only the process, pleadings, and decree, and such orders and memorandums as may be necessary to show the jurisdiction of the court and regularity of the proceedings, shall be entered upon the final record. (R. S. § 750.)

DERIVATION
Act Feb. 26, 1853, ch. 80, § 1, 10 Stat. 163.

### § 791. Penalties and forfeitures; under laws of United States.

No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued: *Provided*, That the person of the offender, or the property liable for such penalty or forfeiture, shall, within the same period, be found within the United States; so that the proper process therefor may be instituted and served against such person or property. (R. S. § 1047.)

DERIVATION
Acts Mar. 2, 1799, ch. 22, § 89, 1 Stat. 695; Mar. 26, 1804, ch. 40, § 3, 2 Stat. 290; Apr. 20, 1818, ch. 91, § 9, 3 Stat. 452; Feb. 28, 1839, ch. 36, § 4, 5 Stat. 322; Mar. 3, 1863, ch. 76, § 14, 12 Stat. 741; and July 25, 1868, ch. 236, § 1, 15 Stat. 183.

## JUDGMENTS

### § 811. Interest on judgments.

Interest shall be allowed on all judgments in civil causes, recovered in a district court, and may be levied by the marshal under process of execution issued thereon, in all cases where, by the law of the State in which such court is held, interest may be levied under process of execution on judgments recovered in the courts of such State; and it shall be calculated from the date of the judgment, at such rate as is allowed by law on judgments recovered in the courts of such State. (R. S. § 966; Mar. 3, 1911, ch. 231, § 291, 36 Stat. 1167.)

DERIVATION
Act Aug. 23, 1842, ch. 188, § 8, 5 Stat. 518.

FEDERAL RULES OF CIVIL PROCEDURE
Execution, see Rule 69, following section 723c of this title.

### § 812. Judgments; liens of.

Judgments and decrees rendered in a district court of the United States within any State, shall be liens on property throughout such State in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such State. Whenever the laws of any State require a judgment or decree of a State court to be registered, recorded, docketed, indexed, or any other thing to be done, in a particular manner, or in a certain office or county, or parish in the State of Louisiana before a lien shall attach, this section and section 813 of this chapter shall be applicable therein whenever and only whenever the laws of such State shall authorize the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the State. (Aug. 1, 1888, ch. 729, § 1, 25 Stat. 357; Mar. 3, 1911, ch. 231, § 291, 36 Stat. 1167; Aug. 17, 1912, ch. 300, 37 Stat. 311.)

### § 813. Indices of judgment debtors to be kept by clerks.

The clerks of the several courts of the United States shall prepare and keep in their respective offices complete and convenient indices of all judgment debtors under decrees, judgments, or orders of said courts, and such indices and judgments shall at all times be open to the inspection and examination

Case 1:11-cv-09645-RJS   Document 242-6   Filed 11/06/15   Page 4 of 6

Act of Feb. 28, 1839, ch. 36 sec.4

TWENTY-FIFTH CONGRESS. Sess. III. Ch. 33, 35, 36. 1839.   321

parties or any of them may be related to the said judge of the criminal court, then such case and the record thereof may be sent to the next circuit court of the District of Columbia for the county in which the said case shall have arisen, to be there tried and determined, and sentence passed and executed, as if this act and the act to which this is supplemental had never been passed.

*any of the parties are related to the judge.*

SEC. 9. *And be it further enacted*, That all causes, indictments, writs, process, and proceedings which were pending in the criminal court of the District of Columbia for the county of Washington, at the time appointed by law for holding a session thereof, on the first Monday of December last past, or which were returnable to the session of said court which ought to have been holden on said first Monday of December, shall be, and the same are hereby, revived, reinstated, and continued over to the next stated session of said court for said county, to be holden on the second Monday of March next, in the same manner and condition, and the same further proceedings may be had therein as if a session of the said court had been held, according to law, on the said first Monday of December, and as if a regular continuance of all said causes, indictments, writs, process, and proceedings, had been duly entered upon the records of the said court.

*All cases, &c. which were pending in Washington co. revived, &c.*

APPROVED, February 20, 1839.

---

STATUTE III.
Feb. 28, 1839.

CHAP. XXXIII.—*An Act to prevent the abatement of suits and actions now pending, in which the Bank of Columbia, in Georgetown, may be a party.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That no suit, action, judgment, or decree, now pending and unsatisfied, in which the Bank of Columbia, in Georgetown, is party, plaintiff or defendant, shall abate, or be discontinued or dismissed by reason of the expiration of the term for which the said bank is chartered, but all such suits, actions, judgments, and decrees shall be allowed to proceed to final judgment, execution, satisfaction, and settlement; and for that purpose it shall be lawful to use the corporate name, style and capacity, notwithstanding the expiration of the term of its incorporation.

*No suit, &c. now pending, shall abate, &c.*

APPROVED, February 28, 1839.

---

STATUTE III.
Feb. 28, 1839.

CHAP. XXXV.—*An Act to abolish imprisonment for debt in certain cases.* (a)

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That no person shall be imprisoned for debt in any State, on process issuing out of a court of the United States, where by the laws of such State, imprisonment for debt has been abolished; and where by the laws of a State, imprisonment for debt shall be allowed, under certain conditions and restrictions, the same conditions and restrictions shall be applicable to the process issuing out of the courts of the United States; and the same proceedings shall be had therein, as are adopted in the courts of such State.

*Imprisonment for debt abolished.*

APPROVED, February 28, 1839.

---

STATUTE III.
Feb. 28, 1839.

CHAP. XXXVI.—*An Act in amendment of the acts respecting the Judicial System of the United States.* (b)

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That where, in any suit at law or in equity, commenced in any court of the United States, there shall be several defendants, any one or more of whom shall not be inhabitants

*The court may entertain jurisdiction in certain cases.*

---

(a) See notes of acts relating to imprisonment for debt, vol. 1, 265.
(b) An act concerning the Supreme Court of the United States, June 17, 1844, chap. 96.

VOL. V.—41

Case 1:11-cv-09645-RJS   Document 242-6   Filed 11/06/15   Page 5 of 6

322         TWENTY-FIFTH CONGRESS. Sess. III. Ch. 36. 1839.

of or found within the district where the suit is brought or shall not voluntarily appear thereto, it shall be lawful for the court to entertain jurisdiction, and proceed to the trial and adjudication of such suit, between the parties who may be properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties, not regularly served with process, or not voluntarily appearing to answer; and the nonjoinder of parties who are not so inhabitants, or found within the district, shall constitute no matter of abatement, or other objection to said suit.

*Appointment of clerks—how made.*

SEC. 2. *And be it further enacted,* That all the circuit courts of the United States shall have the appointment of their own clerks; and in case of a disagreement between the judges the appointment shall be made by the presiding judge of the court.

*Pecuniary penalties, &c. where sued for and recovered.*

SEC. 3. *And be it further enacted,* That all pecuniary penalties and forfeitures accruing under the laws of the United States may be sued for and recovered in any court of competent jurisdiction in the State or district where such penalties or forfeitures have accrued, or in which the offender or offenders may be found.

*No suits, &c. to be maintained for penalties, &c. unless commenced within five years. Proviso.*

SEC. 4. *And be it further enacted,* That no suit or prosecution shall be maintained, for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, unless the same suit or prosecution shall be commenced within five years from the time when the penalty or forfeiture accrued; *Provided,* The person of the offender or the property liable for such penalty or forfeiture shall, within the same period, be found within the United States; so that the proper process may be instituted and served against such person or property therefor.

*Certain punishments abolished.*

SEC. 5. *And be it further enacted,* That the punishment of whipping and the punishment of standing in the pillory, so far as they now are provided for by the laws of the United States, be, and the same are hereby, abolished.

*Penalties, for the forfeiture of recognizance, &c. may be remitted.*

SEC. 6. *And be it further enacted,* That, in all cases of recognizances in criminal causes taken for, or in, or returnable to, the courts of the United States, which shall be forfeited by a breach of the condition thereof, the said court for or in which the same shall be so taken, or to which the same shall be returnable, shall have authority in their discretion to remit the whole or a part of the penalty, whenever it shall appear to the court that there has been no wilful default of the parties, and that a trial can notwithstanding be had in the cause, and that public justice does not otherwise require the same penalty to be exacted or enforced.

*Sec. 2 of act of 29th April 1802, ch. 31, repealed.*

SEC. 7. *And be it further enacted,* That the second section of the act of Congress, passed the twenty-ninth day of April, one thousand eight hundred and two, which makes it the duty of the associate justice of the Supreme Court, resident in the fourth circuit, to attend in the city of Washington, on the first Monday of August annually, to make orders respecting the business of the Supreme Court, be, and the same is, hereby, repealed.

*In suits and actions in which the judges are in any way concerned, &c.*

SEC. 8. *And be it further enacted,* That in all suits and actions in any circuit court of the United States in which it shall appear that both the judges thereof or the judge thereof, who is solely competent by law to try the same, shall be any ways concerned in interest therein, or shall have been of counsel for either party, or is, or are so related to or connected with either party as to render it improper for him or them, in his or their opinion, to sit in the trial of such suit or action, it shall be the duty of such judge or judges, on application of either party to cause the fact to be entered on the records of the court; and also to make an order that an authenticated copy thereof, with all the proceedings in such suit or action, shall be forthwith certified to the most convenient circuit court in the next adjacent State, or in the next adjacent circuit; which circuit court shall, upon such record and order being filed with the clerk there-

TWENTY-FIFTH CONGRESS.  Sess. III. Ch. 37, 70, 71.  1839.          323

of, take cognizance thereof in the same manner as if such suit or action had been rightfully and originally commenced therein, and shall proceed to hear and determine the same accordingly, and the proper process for the due execution of the judgment or decree rendered therein, shall run into and may be executed in the district where such judgment or decree was rendered, and also, into the district from which such suit or action was removed.

Approved, February 28, 1839.

---

Statute III.

Chap. XXXVII.—*An Act to revise and extend "An act to authorize the issuing of Treasury notes to meet the current expenses of the Government," approved the twenty-first of May, eighteen hundred and thirty-eight.* (a)

March 2, 1839.

Act of May 21, 1838, ch. 82.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the Secretary of the Treasury, with the approbation of the President of the United States, is hereby authorized to cause to be issued the remainder of the Treasury notes authorized to be issued by the act to authorize the issuing of Treasury notes to meet the current expenses of the Government," approved the twenty-first day of May, eighteen hundred and thirty-eight, according to the provisions of said act, at any time prior to the thirtieth day of June next, any limitation in the act aforesaid or in the act "to authorize the issuing of Treasury notes," approved the twelfth day of October, eighteen hundred and thirty-seven, to the contrary notwithstanding.

Sec. Treas. to cause to be issued the remainder of the Treasury notes authorized by act of 21st May 1838, ch. 82.

1837, ch. 2.

Approved, March 2, 1839.

---

Statute III.

Chap. LXX.—*An Act to provide for the erection of public buildings in the Territory of Florida.*

March 3, 1839.

[Obsolete.]

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the sum of twenty thousand dollars be, and the same is hereby, granted to the Territory of Florida, out of any money in the Treasury not otherwise appropriated, for the purpose of defraying the expenses of erecting a suitable State House or public buildings in the Territory of Florida, for the use and accommodation of the Territorial Legislature of said Territory; and in which building, when erected and completed, the office of the Secretary of said Territory shall be kept, and also the public records and archives of said Territory.

Apprepriation to Florida for the erection of public buildings.

Sec. 2. *And be it further enacted*, That the said sum of money appropriated by the first section of this act shall be paid over to the Treasurer of said Territory on the order of the Governor, and shall be expended for the purpose aforesaid, under the direction of the Governor and Legislative Council, and in such way and manner and at such times as they shall, by law or resolution for that purpose, prescribe: *Provided*, That the passage of this law shall not at any time be held as an engagement on the part of the United States for any further appropriation to the objects hereinbefore mentioned.

To be paid to the Treasurer of the Territory on the order of the Governor, &c.

Proviso.

Approved, March 3, 1839.

---

Statute III.

Chap. LXXI.—*An Act making appropriations for the current and contingent expenses of the Indian Department, and for fulfilling treaty stipulations with the various Indian tribes, for the year one thousand eight hundred and thirty-nine.*

March 3, 1839.

[Obsolete.]

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the following sums be, and they are hereby, appropriated, for the year one thousand eight hundred and thirty-nine, for the purpose of paying the current

---

(a) Notes of the acts which have been passed relative to the issuing of Treasury notes, vol. 3, 100.