# EXHIBIT K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| _____ | : | |
| U.S. SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| | : | |
| *Plaintiff*, | : | |
| -v- | : | No. 11 Civ. 9645 (RJS) |
| | : | |
| ELEK STRAUB, | : | |
| ANDRÁS MORVAI, and | : | ECF Case |
| TAMÁS MORVAI, | : | Electronically Filed |
| | : | |
| *Defendants*. | : | |
| _____ | : | |

**DEFENDANT ELEK STRAUB'S
RESPONSES TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendant Elek Straub ("Straub"), by and through his counsel, Hogan Lovells US LLP, hereby responds to Plaintiff Securities and Exchange Commission's ("SEC" or "Plaintiff") Second Request for Admissions ("Requests," or individually "Request"), as follows:

**PRELIMINARY STATEMENTS**

1.     Straub's responses and objections set forth herein ("Responses") are given without prejudice to his right to provide subsequent relevant information or to add, modify, or otherwise change or amend the responses made herein.  The information contained in these responses is also subject to correction for omissions or errors.

2.     Straub's responses are for the purpose of this action only, and with the understanding that any admission contained herein is not an admission for any other purpose and may not be used against Straub in any other proceeding.

3.      Straub's responses are made without in any way waiving or prejudicing:

    a.      All rights to object to the Requests, the Responses, or subject matter thereof, as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this or any other action;

    b.      The right to object on any ground to the use of these Responses, or the subject matter thereof, in any proceeding in, or at the trial of, this or any other action; or

    c.      The right to object on any ground at any time to the interrogatories, requests for production, requests for admission or other discovery procedures involving or relating to the subject matter of the Requests.

## GENERAL OBJECTIONS

1.      Straub objects to the Requests (including, without limitation, Plaintiffs' definitions and rules of construction) to the extent that they seek to impose disclosure requirements and obligations different from, inconsistent with, or greater than those imposed by the Federal Rules and/or the Local Rules of the United States District Court for the Southern District of New York ("Local Rules").

2.      Straub objects to the Requests to the extent that they seek, or may be construed to seek, information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, law or rule against disclosure.  To the extent any such information is inadvertently produced in response to any Request, the production of such information shall not constitute a waiver of Straub's right to assert the applicability of any

privilege, immunity or any other ground for objecting to discovery with respect to such information.

3.    Straub objects to the Requests to the extent they purport to require disclosure of trade secrets or other confidential research, development or commercial information.

4.    Straub objects to the Requests to the extent they seek information that is not related to any claim or defense in this action.

5.    Straub objects to the Requests as overly broad and unduly burdensome.

6.    Straub objects to the Requests to the extent that: (a) the information sought by any Request is unreasonable cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) Plaintiffs have obtained the information sought by any Request in any other proceeding or pursuant to any other means; or (c) the burden or expense of any Request outweighs its likely benefit.

7.    Straub objects to the Requests (including Definitions and Instructions) to the extent they assume disputed facts or legal conclusions.  Straub does not admit to any such disputed facts or legal conclusions and any information provided by Straub with respect to any such Request is without prejudice to this objection.

8.    No objection, limitation, or lack thereof, made in these responses and objections shall be deemed an admission by Straub as to the existence or nonexistence of information.  Any reference to a particular objection within a response shall not be construed as a limitation of the set of objections applicable to the particular Request being addressed.

9.    Straub objects to the Requests to the extent that they purport to require him to admit alleged facts that are neither relevant to viable claims in this action nor reasonably

calculated to lead to the discovery of admissible evidence and are, therefore, in violation of Rules 26(b) and 36(a) of the Federal Rules.

10.     The foregoing Preliminary Statements and Objections are hereby incorporated in Straub's response to each specific request set forth hereafter, as if fully stated therein.  Stating specific objections and/or a response to a particular Request does not in any way waive any of the objections enumerated in the Preliminary Statements and General Objections.

## OBJECTIONS TO DEFINITIONS

1.     Straub objects to the Definitions and Instructions to the extent they purport to impose duties or require the performance of acts beyond the scope of the Federal Rules and/or the Local Rules.

2.     Straub objects to Instructions 2, 3, and 4 on the grounds that they are vague, ambiguous, overbroad and unduly burdensome and attempt to impose obligations on Straub other than those imposed or authorized by the Federal Rules and/or the Local Rules.

3.     Straub expressly incorporates these Objections to Plaintiff's Instructions into each specific Response to the Requests set forth below as if set forth in full herein.

## RESPONSES TO THE REQUESTS

**Request No. 1**: Admit that the document attached as Exhibit 1 is a true and accurate copy of a letter you signed on or about January 21, 2005.

**Response to Request No. 1 :**

Straub reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no recollection of this document or signing this document on or about January 21, 2005.  Straub did not draft this document and believes that this document would have been drafted by

PricewaterhouseCoopers or others at Magyar Telekom.  Straub has no reason to believe, however, that the signature on this document is not his signature.


**Request No. 2**: Admit that the document attached as Exhibit 2 is a true and accurate copy of a letter you signed on or about February 11, 2005.

**Response to Request No. 2**:

Straub reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no recollection of this document or signing this document on or about February 11, 2005.  Straub did not draft this document and believes that this document would have been drafted by PricewaterhouseCoopers or others at Magyar Telekom.  Straub has no reason to believe, however, that the signature on this document is not his signature.


**Request No. 3**: Admit that the document attached as Exhibit 3 is a true and accurate copy of a letter you signed on or about February 28, 2005.

**Response to Request No. 3:**

Straub reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no recollection of this document or signing this document on or about February 28, 2005.  His signature does not appear on this document.  Further, Straub did not draft this document and believes that this document would have been drafted by PricewaterhouseCoopers or others at Magyar Telekom.

5

**Request No. 4**: Admit that the document attached as Exhibit 4 is a true and accurate copy of a letter you either signed or authorized to be sent to PricewaterhouseCoopers on or about April 15, 2005.

**Response to Request No. 4:**

Straub reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no recollection of this document or signing this document or authorizing that this document be sent to PricewaterhouseCoopers on or about April 15, 2005.  His signature does not appear on this document.  Further, Straub did not draft this document and believes that this document would have been drafted by PricewaterhouseCoopers or others at Magyar Telekom.

**Request No. 5**: Admit that the document attached as Exhibit 5 is a true and accurate copy of a letter signed on or about April 27, 2005.

**Response to Request No. 5**:

Straub reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no recollection of this document or signing this document on or about April 27, 2005.  Straub did not draft this document and believes that this document would have been drafted by PricewaterhouseCoopers or others at Magyar Telekom.  Straub has no reason to believe, however, that the signature on this document is not his signature.

**Request No. 6**: Admit that the document attached as Exhibit 6 is a true and accurate copy of a letter you signed on or about May 11, 2005.

**Response to Request No. 6**:

Straub reasserts his General Objections in response to this Request.  Subject to and without

waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no

recollection of this document or signing this document on or about May 11, 2005.  Straub did not

draft this document and believes that this document would have been drafted by

PricewaterhouseCoopers or others at Magyar Telekom. Straub has no reason to believe,

however, that the signature on this document is not his signature.


**Request No. 7**: Admit that the document attached as Exhibit 7 is a true and accurate copy of a certification you either signed or authorized on or about May 11, 2005.

**Response to Request No. 7**:

Straub reasserts his General Objections in response to this Request.  Subject to and without

waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no

recollection of this document, or signing or authorizing this document on or about May 11, 2005.

Straub did not draft this document and believes that this document would have been drafted by

PricewaterhouseCoopers or others at Magyar Telekom.  Further, Straub believes that any

employee or agent of Magyar Telekom with the appropriate authority could have placed an

electronic signature on this document.


**Request No. 8:** Admit that the document attached as Exhibit 8 is a true and accurate copy of a certification that you either signed or authorized on or about May 11, 2005.

**Response to Request No. 8:**

Straub reasserts his General Objections in response to this Request.  Subject to and without

waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no

recollection of this document, or signing or authorizing this document on or about May 11, 2005.

Straub did not draft this document and believes that this document would have been drafted by

PricewaterhouseCoopers or others at Magyar Telekom.  Further, Straub believes that any

employee or agent of Magyar Telekom with the appropriate authority could have placed an

electronic signature on this document.

**Request No. 9:** Admit that the document attached as Exhibit 9 is a true and accurate copy of a letter you signed on or about July 19, 2005.

**Response to Request No. 9**:

Straub reasserts his General Objections in response to this Request.  Subject to and without

waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no

recollection of this document or signing this document on or about July 19, 2005.  Straub did not

draft this document and believes that this document would have been drafted by

PricewaterhouseCoopers or others at Magyar Telekom.  Straub has no reason to believe,

however, that the signature on this document is not his signature.

**Request No. 10**: Admit that the document attached as Exhibit 10 is a true and accurate copy of a letter you signed on or about October 17, 2005.

**Response to Request No. 10**:

Straub reasserts his General Objections in response to this Request.  Subject to and without

waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no

recollection of this document or signing this document on or about October 17, 2005.  Straub did

not draft this document and believes that this document would have been drafted by

PricewaterhouseCoopers or others at Magyar Telekom.  Straub has no reason to believe,

however, that the signature on this document is not his signature.

**Request No. 11**: Admit that the document attached as Exhibit 11 is a true and accurate copy of a letter you signed on or about November 7, 2005.

**Response to Request No. 11**:

Straub reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no recollection of this document or signing this document on or about November 7, 2005.  Straub did not draft this document and believes that this document would have been drafted by PricewaterhouseCoopers or others at Magyar Telekom.  Straub has no reason to believe, however, that the signature on this document is not his signature.

**Request No. 12**: Admit that the document attached as Exhibit 12 is a true and accurate copy of a letter you either signed or authorized to be sent to PricewaterhouseCoopers on or about January 13, 2006.

**Response to Request No. 12**:

Straub reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Straub cannot admit or deny this Request.  Straub has no recollection of this document, or signing this document or authorizing that this document be sent to PricewaterhouseCoopers on or about January 13, 2006.  His signature does not appear anywhere on this document.  Further, Straub did not draft this document and believes that this document would have been drafted by PricewaterhouseCoopers or others at Magyar Telekom.

9

February 12, 2015
New York, New York

   /s/ Lisa J. Fried_____

        Robert B. Buehler
        Lisa J. Fried
        Hogan Lovells US LLP
        875 Third Avenue
        New York, NY 10022
        (212) (918) 3000
        Robert.buehler@hoganlovells.com
        Lisa.fried@hoganlovells.com

        *Counsel for Defendant Elek Straub*

## <u>CERTIFICATE OF SERVICE</u>

I, Lisa Fried, hereby certify that copies of the foregoing Defendants' Responses to the Plaintiff Securities and Exchange Commission's Second Request for Admission to Defendant Elek Straub were served by electronic and U.S. Mail upon:

> Robert I. Dodge
> Thomas A. Bednar
> Securities and Exchange Commission
> 100 F. Street, N.E.
> Washington, DC 20549
> (202) 551-4421 (Dodge)
> DodgeR@sec.gov
>
> *Counsel for Plaintiff*

                        ___/s/ Lisa Fried_____
                        Lisa Fried