# EXHIBIT L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| *Plaintiff*, | : : | No. 11 Civ. 9645 (RJS) |
| -v- | : : : | |
| ELEK STRAUB, ANDRÁS BALOGH, and TAMÁS MORVAI, | : : : : : | ECF Case Electronically Filed |
| *Defendants*. | : : | |

**DEFENDANT ANDRÁS BALOGH'S OBJECTIONS AND RESPONSES TO THE SECURITIES AND EXCHANGE COMMISSION'S <u>SECOND SET OF REQUESTS FOR ADMISSION</u>**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and all applicable Local Rules, Defendant András Balogh ("Balogh"), by and through his undersigned attorneys, hereby responds to the Securities and Exchange Commission's (the "SEC") Second Set of Requests for Admission (the "Requests," or individually "Request").

**PRELIMINARY STATEMENTS**

1. Balogh's responses and objections set forth herein ("Responses") are given without prejudice to his right to provide subsequent relevant information or to add, modify, or otherwise change or amend the responses made herein. The information contained in these responses is also subject to correction for omissions or errors.

2. Balogh's responses are for the purpose of this action only, and with the understanding that any admission contained herein is not an admission for any other purpose and may not be used against Balogh in any other proceeding.

3. Balogh's responses are made without in any way waiving or prejudicing:

a. All rights to object to the Requests, the Responses, or subject matter thereof, as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose, in any proceeding in, or at the trial of, this or any other action;

b. The right to object on any ground to the use of these Responses, or the subject matter thereof, in any proceeding in, or at the trial of, this or any other action; or

c. The right to object on any ground at any time to any interrogatories, requests for production, requests for admission or other discovery procedures involving or relating to the subject matter of the Requests.

### **GENERAL OBJECTIONS**

1. Balogh objects to the Requests (including, without limitation, Plaintiffs' definitions and rules of construction) to the extent that they seek to impose disclosure requirements and obligations different from, inconsistent with, or greater than those imposed by the Federal Rules and/or the Local Rules of the United States District Court for the Southern District of New York ("Local Rules").

2. Balogh objects to the Requests to the extent that they seek, or may be construed to seek, information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, law or rule against disclosure.  To the extent any such information is inadvertently produced in response to any Request, the production of such information shall not constitute a waiver of Balogh's right to assert the applicability of any privilege, immunity or any other ground for objecting to discovery with respect to such information.

3. Balogh objects to the Requests to the extent they purport to require disclosure of trade secrets or other confidential research, development or commercial information.

4. Balogh objects to the Requests to the extent they seek information that is not related to any claim or defense in this action.

5. Balogh objects to the Requests as overly broad and unduly burdensome.

6. Balogh objects to the Requests to the extent that: (a) the information sought by any Request is unreasonable cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) Plaintiffs have obtained the information sought by any Request in any other proceeding or pursuant to any other means; or (c) the burden or expense of any Request outweighs its likely benefit.

7. Balogh objects to the Requests (including Definitions and Instructions) to the extent they assume disputed facts or legal conclusions. Balogh does not admit to any such disputed facts or legal conclusions and any information provided by Balogh with respect to any such Request is without prejudice to this objection.

8. No objection, limitation, or lack thereof, made in these responses and objections shall be deemed an admission by Balogh as to the existence or nonexistence of information. Any reference to a particular objection within a response shall not be construed as a limitation of the set of objections applicable to the particular Request being addressed.

9. Balogh objects to the Requests to the extent that they purport to require him to admit alleged facts that are neither relevant to viable claims in this action nor reasonably calculated to lead to the discovery of admissible evidence and are, therefore, in violation of Rules 26(b) and 36(a) of the Federal Rules.

10. The foregoing Preliminary Statements and Objections are hereby incorporated in Balogh's response to each specific request set forth hereafter, as if fully stated therein. Stating specific objections and/or a response to a particular Request does not in any way waive any of the objections enumerated in the Preliminary Statements and General Objections.

## OBJECTIONS TO DEFINITIONS

1. Balogh objects to the Definitions and Instructions to the extent they purport to impose duties or require the performance of acts beyond the scope of the Federal Rules and/or the Local Rules.

2. Balogh objects to Instructions 2, 3, and 4 on the grounds that they are vague, ambiguous, overbroad and unduly burdensome and attempt to impose obligations on Balogh other than those imposed or authorized by the Federal Rules and/or the Local Rules.

3. Balogh expressly incorporates these Objections to Plaintiff's Instructions into each specific Response to the Requests set forth below as if set forth in full herein.

## RESPONSES TO REQUESTS FOR ADMISSION

**Request 1:** Admit that the document attached as Exhibit 1 is a true and accurate copy of an email message you received on or about April 11, 2005.

**Response to Request 1**: Balogh reasserts his General Objections in response to this Request. Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request. Balogh has no specific recollection of receiving the referenced email. However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 2:** Admit that the document attached as Exhibit 2 is a true and accurate copy of an email message that you either sent or authorized a subordinate to send on your behalf on or about April 13, 2005.

**Response to Request 2**:	Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of sending or authorizing a subordinate to send the referenced email.  However, Balogh admits that the name of his subordinate, Mr. Imre Gellai, appears as the sender in the referenced email.

**Request 3:**	Admit that the first three pages of the document attached as Exhibit 3 are a true and accurate copy of a certification you signed on or about April 15, 2005.

**Response to Request 3**:	Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of signing the undated certification appearing on the first page of the document designated by Plaintiff as Exhibit 3, nor does he have any specific recollection of drafting, reviewing, or revising the other pages of the document designated by Plaintiff as Exhibit 3.  However, Balogh has no reason to believe that the signature on the first page of the document is not his signature.

**Request 4:**	Admit that the document attached as Exhibit 4 is a true and accurate copy of an email message you received on or about April 25, 2005.

**Response to Request 4**:	Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of receiving the referenced email.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 5:**	Admit that the document attached as Exhibit 5 is a true and accurate copy of an email message that you either sent or authorized a subordinate to send on your behalf on or about April 27, 2005.

**Response to Request 5**:   Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of sending or authorizing a subordinate to send the referenced email.  However, Balogh admits that the name of his subordinate, Ms. Laszlone Bacsvary, appears as the sender in the referenced email.

**Request 6:**   Admit that the document attached as Exhibit 6 is a true and accurate copy of an email message you received on or about May 6, 2005.

**Response to Request 6**:   Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of receiving the referenced email.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 7:**   Admit that the document attached as Exhibit 7 is a true and accurate copy of an email message that you either sent or authorized a subordinate to send on your behalf on or about May 9, 2005.

**Response to Request 7**:   Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of sending or authorizing a subordinate to send the referenced email.  However, Balogh admits that the name of his subordinate, Ms. Laszlone Bacsvary, appears as the sender in the referenced email.

**Request 8:**   Admit that the document attached as Exhibit 8 is a true and accurate copy of an email message you received on or about June 22, 2005.

**Response to Request 8**:   Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny

this Request.  Balogh has no specific recollection of receiving the referenced email, and notes that such email references an attachment, which is missing from Exhibit 8.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 9:**     Admit that the document attached as Exhibit 9 is a true and accurate copy of an email message you received on or about June 28, 2005.

**Response to Request 9**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of receiving the referenced email.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 10:**     Admit that the document attached as Exhibit 10 is a true and accurate copy of an email message that you either sent or authorized a subordinate to send on your behalf on or about June 28, 2005.

**Response to Request 10**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of sending or authorizing a subordinate to send the referenced email, and notes that such email references an attachment, which is missing from Exhibit 10.  However, Balogh admits that the name of his subordinate, Mr. Imre Gellai, appears as the sender in the referenced email.

**Request 11:**     Admit that the document attached as Exhibit 11 is a true and accurate copy of an email message you received on or about July 14, 2005.

**Response to Request 11**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny

this Request.  Balogh has no specific recollection of receiving the referenced email.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 12:**   Admit that the document attached as Exhibit 12 is a true and accurate copy of an email message that you either sent or authorized a subordinate to send on your behalf on or about July 18, 2005.

**Response to Request 12**:   Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of sending or authorizing a subordinate to send the referenced email.  However, Balogh admits that the name of his subordinate, Mr. Imre Gellai, appears as the sender in the referenced email.

**Request 13:**   Admit that the document attached as Exhibit 13 is a true and accurate copy of an email message you received on or about October 13, 2005.

**Response to Request 13**:   Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of receiving the referenced email.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 14:**   Admit that the document attached as Exhibit 14 is a true and accurate copy of an email message that you either sent or authorized a subordinate to send on your behalf on or about October 14, 2005.

**Response to Request 14**:   Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of sending or authorizing a subordinate to send

the referenced email.  However, Balogh admits that the name of his subordinate, Ms. Laszlone Bacsvary, appears as the sender in the referenced email.

**Request 15:**     Admit that the document attached as Exhibit 15 is a true and accurate copy of an email message you received on or about October 17, 2005.

**Response to Request 15**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of receiving the referenced email.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 16:**     Admit that the document attached as Exhibit 16 is a true and accurate copy of an email message you received on or about November 25, 2005.

**Response to Request 16**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of receiving the referenced email, and notes that such email references an attachment, which is missing from Exhibit 16.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 17:**     Admit that the document attached as Exhibit 17 is a true and accurate copy of an email message you received on or about November 25, 2005.

**Response to Request 17**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of receiving the referenced email.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 18:**     Admit that the document attached as Exhibit 18 is a true and accurate copy of an email message you received on or about January 12, 2006.

**Response to Request 18**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of receiving the referenced email.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 19:**     Admit that the documents attached as Exhibit 19 are true and accurate copies of email messages that you either sent or authorized subordinates to send on your behalf on or about January 13, 2006.

**Response to Request 19**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of sending or authorizing a subordinate to send the referenced emails.  However, Balogh admits that the name of his subordinate, Ms. Laszlone Bacsvary, appears as the sender in the referenced emails.

**Request 20:**     Admit that the document attached as Exhibit 20 is a true and accurate copy of an email message you received on or about February 7, 2006.

**Response to Request 20**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of receiving the referenced email.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 21:**     Admit that the document attached as Exhibit 21 is a true and accurate copy of an email message that you either sent or authorized a subordinate to send on your behalf on or about February 8, 2006.

**Response to Request 21**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny

this Request.  Balogh has no specific recollection of sending or authorizing a subordinate to send the referenced email.  However, Balogh admits that the name of his subordinate, Ms. Laszlone Bacsvary, appears as the sender in the referenced email.

**Request 22:**   Admit that the document attached as Exhibit 22 is a true and accurate copy of an email message you received on or about March 30, 2006.

**Response to Request 22**:   Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of receiving the referenced email, and notes that such email references attachments, certain of which seem to be missing from Exhibit 22.  However, Balogh admits that his name appears in the list of recipients in the referenced email.

**Request 23:**   Admit that the document attached as Exhibit 23 is a true and accurate copy of a certification you signed on or about April 11, 2006.

**Response to Request 23**:   Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh has no specific recollection of signing the certification appearing on the first page of the document designated by Plaintiff as Exhibit 23, nor does he have any recollection of drafting, reviewing, or revising the other pages of the document designated by Plaintiff as Exhibit 23.  However, Balogh has no reason to believe that the signature on the first page of the document is not his signature.

**Request 24:**   Admit that in 2005-06 the username assigned to you on the computer networks of Magyar Telekom was balogh1andr710.

**Response to Request 24**:   Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny

this Request.  Balogh refers Plaintiff to his deposition testimony from July 28-29, 2014, regarding his recollections concerning the username assigned to him on the computer networks of Magyar Telekom in 2005-06.

**Request 25:**    Admit that the document that your counsel provided to the SEC on November 20, 2014 (Bates Nos. BALOGH_0000036 to 44) accurately reflects statements you made to the Hungarian National Office for Investigation on or about November 15, 2007.

**Response to Request 25**:     Balogh reasserts his General Objections in response to this Request.  Subject to and without waiving his General Objections, Balogh cannot admit or deny this Request.  Balogh does not recall what statements he made to the Hungarian National Office for Investigation in 2007.


Dated:  February 13, 2015                                  Respectfully submitted,

/s/  William M. Sullivan, Jr                             .
William M. Sullivan Jr.
Thomas C. Hill
Kristen E. Baker
**Pillsbury Winthrop Shaw Pitman LLP**
1200 Seventeenth Street, NW
Washington, DC 20036
(202) 663-8027
william.sullivan@pillsburylaw.com
thomas.hill@pillsburylaw.com
kristen.baker@pillsburylaw.com

*Counsel for András Balogh*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 13, 2015, I caused to be served Defendant András Balogh's Objections and Responses to the Securities and Exchange Commission's Second Set of Requests for Admission to András Balogh by email upon:

Robert I. Dodge
Thomas A. Bednar
Adam J. Eisner
**Securities and Exchange Commission**
100 F. Street, N.E.
Washington, DC 20549
(202) 551-4421 (Dodge)
DodgeR@sec.gov
*Attorneys for Plaintiff*

                        /s/ Kristen E. Baker
                        Kristen E. Baker