UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELEK STRAUB and ANDRÁS BALOGH,<br><br>Defendants. | No. 11-Civ-9645 (RJS)<br><br>[PROPOSED] JOINT PRETRIAL ORDER |

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. 16, and the following having appeared as counsel for the parties:

**Attorneys for Plaintiff Securities and Exchange Commission**

    Robert I. Dodge
    Thomas A. Bednar
    John D. Worland, Jr.
    Adam J. Eisner
    U.S. Securities & Exchange Commission
    100 F. Street, N.E.
    Washington, D.C. 20549-4010
    Telephone (202) 551-4421 (Dodge)
    DodgeR@sec.gov
    BednarT@sec.gov
    WorlandJ@sec.gov
    EisnerA@sec.gov

**Attorneys for Defendant Elek Straub**
    Robert B. Buehler
    Lisa J. Fried
    Garima Malhotra
    Hogan Lovells US LLP
    875 Third Avenue
    New York, NY 10022
    (212) 918-3261 (Buehler)
    robert.buehler@hoganlovells.com

    lisa.fried@hoganlovells.com
    garima.malhotra@hoganlovells.com

**Attorneys for Defendant Andras Balogh**

    William M. Sullivan, Jr.
    Thomas C. Hill
    Kristen E. Baker
    Pillsbury Winthrop Shaw Pittman LLP
    1200 Seventeenth Street, NW
    Washington, DC 20036-3006
    (202) 663-8000
    william.sullivan@pillsburylaw.com
    thomas.hill@pillsburylaw.com
    kristen.baker@pillsburylaw.com

The following actions were taken:

    1.    This is an action brought under the Foreign Corrupt Practices Act for alleged violations of the anti-bribery, books and records, and internal controls provisions of the federal securities laws. The jurisdiction of the Court is invoked under Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa]. Defendant Balogh contests the Court's subject matter jurisdiction over him for the reasons stated in prior pleadings, including that, notwithstanding the Court's prior opinions holding otherwise, this action is time barred under 28 U.S.C. § 2462.

    2.    The claims that remain to be tried, all of which are denied by Mr. Balogh and Mr. Straub, are:

        (a)    Whether the defendants Elek Straub and Andras Balogh, while an officer, director, employee, or agent of Magyar Telekom, a United States issuer, made use of the mails or other means or instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to Macedonian government or political

party officials for the purposes of influencing their acts or decisions, securing an improper advantage, or inducing them to use their influence to assist the Macedonian subsidiaries of Magyar Telekom in obtaining or retaining business in violation of Section 30A of the Exchange Act [15 U.S.C. § 78dd-1];

(b)  Whether the defendants Elek Straub and Andras Balogh knowingly provided substantial assistance to Magyar Telekom in its violations of, and caused Magyar Telekom to violate, Section 30A of the Exchange Act and by reason of doing so violated Section 20(e) of the Exchange Act [15 U.S.C. § 78t(e)] by aiding and abetting Magyar Telekom's violations of Section 30A of the Exchange Act [15 U.S.C. § 78dd-1];

(c)  Whether defendants Elek Straub and Andras Balogh knowingly provided substantial assistance to Magyar Telekom in its violations of, and caused Magyar Telekom to violate, Exchange Act Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)], which requires issuers to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of their assets;

(d)  Whether defendants Elek Straub and Andras Balogh knowingly provided substantial assistance to Magyar Telekom in its violations of, and caused Magyar Telekom to violate, Exchange Act Section 13(b)(2)(B) [15 U.S.C. § 78m(b)(2)(B)], which requires issuers to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions are executed in accordance with management's general or specific authorization and that transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets;

      (e)    Whether defendants Elek Straub and Andras Balogh knowingly falsified or directly or indirectly caused to be falsified books, records, or accounts of Magyar Telekom, an issuer subject to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)], or knowingly circumvented or knowingly failed to implement a system of internal accounting controls in violation of Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1].

      (f)    Whether defendants Elek Straub and Andras Balogh made or caused to be made materially false or misleading statements or omissions to an accountant or auditor in connection with audits of Magyar Telekom's financial statements in violation of Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2].

3.    The relief sought by the Commission in this action are:

      (a)    A permanent injunction against the defendants Elek Straub and Andras Balogh from (i) violating Sections 30A and 13(b)(5) of the Exchange Act [15 U.S.C. §§ 78dd-1 & 78m(b)(5)]; (ii) aiding and abetting violations of Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(b)(2)(A) & 78m(b)(2)(B)]; and (iii) violating Exchange Act Rules 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.13b2-1 & 240.13b2-2];

      (b)    Disgorgement of all ill-gotten gains received by defendants Elek Straub and Andras Balogh from their alleged violations, plus prejudgment interest;

      (c)    Civil penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

      (d)    A permanent bar of defendants Elek Straub and Andras Balogh from serving as an officer or a director of a publicly traded company pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)] and the Court's equitable powers.

4.  The SEC requests that the issues of liability and relief be bifurcated for trial.

5.  The parties requests a trial by jury.  The SEC expects to require 15 trial days for its case in chief; defendants Straub and Balogh anticipate needing approximately 8 days for their case in chief.

6.  The parties do not consent to trial by magistrate.

7.  Attached as Schedule A are stipulations of fact and law that the parties have agreed upon.  These stipulations are incorporated by reference in this Order; they will become a part of the evidentiary record in the case; and they may be read to the jury by the Court or any party.

8.  Attached as Schedule B are the witnesses whose testimony is to be offered, except for impeachment or rebuttal, to testify either in person or by deposition.

9.  Attached as Schedule C are the designations by each party of the deposition testimony to be offered, except for impeachment or rebuttal, referencing the page and line numbers, with any cross-designations and objections by any other party.

10. Attached as Schedule D are the exhibits to be offered, except for impeachment or rebuttal, along with objections and the basis for each objection.

11. The parties do not consent to a less than unanimous verdict.

12. Attached as Schedule E are the voir dire questions the parties request the Court to ask prospective jurors in accordance with Fed. R. Civ. P. 47(a).

13. Attached as Schedule F are the parties' proposed verdict forms and special interrogatories, if any.

14. Attached as Schedule G are the parties' proposed jury instructions.

15. Six days prior to the beginning of trial, the parties shall exchange copies of all demonstrative exhibits to be used during opening statement; two days after that, the parties will provide the Court with lists of all such demonstrative exhibits and any objections thereto, together with copies of such exhibits; and the Court shall rule on any such objections on or before the beginning of trial.

16. The parties shall exchange all other demonstrative exhibits they intend to use at trial at least 24 hours in advance of each such exhibit's use. Any objections to a demonstrative exhibit shall be presented to the Court for resolution before the exhibit's use at trial.

17. The parties shall provide 24 hours advance notice of exhibits identified on the parties' respective exhibit lists before they use them at trial. Any unresolved objections to the exhibits may be presented to the Court for resolution prior to the exhibits being used. This paragraph does not apply to exhibits used in cross- or redirect examination.

18. Trial is scheduled to begin on May 8, 2017, at 9:00 a.m. However, that date is subject to change, due to a pending Motion by defendant Balogh to adjourn the trial date. *See* Defendant Balogh's Motion for Reconsideration of Order Denying Defendant Balogh's Request for Adjournment (Mar. 27, 2017) (Dkt. No. 335) and supporting Memorandum of Law (Dkt. No. 336).

19. This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

IT IS SO ORDERED.

_____
Hon. Richard J. Sullivan

Dated: May __, 2017

    s/ Robert I. Dodge            

Robert I. Dodge
For the Securities and Exchange
Commission

    s/ Robert B. Buehler          

Robert B. Buehler
For Elek Straub

    s/ William M. Sullivan, Jr.      

William M. Sullivan, Jr.
For Andras Balogh

Index to Schedules

A.     Stipulations of fact and law

B.     Witness lists
        B-1.     List of witnesses to be used in the SEC's case-in-chief
        B-2.     List of witnesses to be used in the defendant's case-in-chief

C.     Designations of deposition testimony

D.     List of exhibits
        D-1.     List of the SEC's exhibits with objections
        D-2.     List of the defendant's exhibits with objections

E.     Proposed voir dire questions
        E-1.     The SEC's proposed voir dire questions
        E-2.     The defendant's proposed voir dire questions

F.     Proposed verdict form
        F-1.     The SEC's proposed verdict form
        F-2.     The defendant's proposed verdict form

G.     Proposed jury instructions
        G-1.     Joint proposed preliminary jury instructions
        G-2.     Joint proposed final jury instructions

Case 1:11-cv-09645-RJS   Document 339   Filed 03/29/17   Page 8 of 8